UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff(s), | ) | No. CR 01-0026 SI (BZ) |
| v. | ) | |
| | ) | **ORDER OF DETENTION PENDING** |
| ROBERT WILLIAM KLURE, | ) | **SUPERVISED RELEASE** |
| | ) | **REVOCATION HEARING** |
| Defendant(s). | ) | |

This matter came before the Court on December 20, 2006 for a detention hearing on the United States' motion following a petition by U.S. Probation charging defendant Robert William Klure with violating the terms and conditions of his supervised release.  Defendant has been convicted of violating 18 U.S.C. § 510(a)(2), a Class C felony.  Klure was present and represented by Julia Mezhinsky Jayne, Esq.  Assistant United States Attorney Robert David Rees appeared for the United States of America.  U.S. Probation was represented by Probation Officer Bobby H. Love, Jr.

At the hearing, the government requested detention, U.S. Probation concurred, and the defendant opposed.  Proffers and

1

arguments affecting detention were submitted by the parties at the hearing.

Because the defendant is charged with a violation of supervised release, the burden of establishing that he is not a flight risk or danger to the community rests with defendant. Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. 3143. Having considered everything before me in this matter, I find that defendant has not established by clear and convincing evidence that he is not a risk of flight. Rather, I find that defendant appears able to secure funds and travel documents under false pretenses; maintains weak ties to the area; and demonstrates a serious risk of flight. I therefore ORDER him detained. In so finding, I have considered the following:

1.  Defendant is alleged to have violated the terms of his supervised release on an underlying federal felony conviction for passing a fraudulent United States treasury check.
2.  A search conducted of the defendant's residence at the time of his arrest revealed evidence of fraud-related activity, including an out-of-state driver's license for "Robert St. John" with the defendant's photograph as well as several bank cards bearing the same name.
3.  The verified petition alleges that the defendant secured a $1,646,250 mortgage in the name of "Robert St. John" with a false social security number.
4.  All three of defendant's prior federal convictions are for fraud-related activity.

2

1    5.   Judge Illston, the sentencing judge in the
2         underlying case, issued a no-bail warrant for
3         defendant's arrest on these charges.
4    6.   Defendant proffered no conditions of release, nor
5         have any occurred to the court, that would
6         reasonably assure that defendant will make his court
7         appearances rather than flee.  Although defendant
8         informed the Court that he may be able to obtain a
9         bond secured by either his brother or his father, no
10        particulars were presented.  And although defendant
11        argued that he had been and would be caring for his
12        ill father and, thus, has a strong tie to the area,
13        his father is currently living out of state; the
14        defendant has lost his abode; and it is not clear
15        whether and where defendant will care for his father
16        in the near future.
17   7.   The court does not consider an unsecured
18        bond signed by Miriam Izpahani (phonetic)
19        to adequately assure his appearance.
20   Therefore, **IT IS ORDERED** that:
21        (1) the defendant, Robert William Klure, be, and
22        hereby is, committed to the custody of the Attorney
23        General for confinement in a corrections facility
24        pending disposition of the alleged supervised
25        release violations;
26        (2) the defendant be afforded reasonable opportunity
27        for private consultation with his counsel; and
28        (3) on order of a court of the United States or on

3

request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding in this matter.

Dated: December 21, 2006

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\CRIMINAL\ORDERS\DETENTIO\2006\KluredetentionBZ.wpd

4