IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 01-00026 SI |
| Plaintiff, | **ORDER DENYING MOTION TO REDUCE TERM OF IMPRISONMENT** |
| v. | |
| ROBERT KLURE, | |
| Defendant. | |

Robert Klure is currently in custody at Herlong Federal Prison Camp, serving an 18-month sentence for a violation of the terms of his supervised release. According to Mr. Klure, he will be released to a halfway house on February 19, 2008, and will be released from there on or about April 4, 2008. Now before the Court is Mr. Klure's motion to reduce his term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i) and 18 U.S.C. § 4205(g).

Mr. Klure asks the Court to reduce his sentence to time served or to move him to a halfway house prior to the February 19 date to enable him to care for his 88 year-old father. Mr. Klure claims that he was his father's primary care-giver prior to his current term of imprisonment, and that his mother (his father's ex-wife) has since been caring for his father but now is in need of heart surgery and can no longer provide care. Mr. Klure argues that his need to care for his elderly father is an "extraordinary and compelling reason[]" to reduce his term of imprisonment, 18 U.S.C. § 3582(c)(1)(A)(i), because the United States Sentencing Commission has recently promulgated a policy statement providing that "[t]he death or incapacitation of the defendant's only family member capable of caring for the defendant's minor child or minor children," U.S.S.G. § 1B1.13 cmt. n.1 (Nov. 2007), should be considered an extraordinary and compelling reason.

The Court does not reach the question whether Mr. Klure has presented "extraordinary and compelling reasons" for reducing his term of imprisonment, or whether the Sentencing Commission's policy statement regarding the care of minor children should also apply to the care of an elderly parent, because the Court lacks the authority to modify Mr. Klure' sentence. "[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders." *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999). Instead, the Court's authority to modify a term of imprisonment is constrained by 18 U.S.C. § 3582(c), which provides that "[t]he court may not modify a term of imprisonment once it has been imposed except" in very particular circumstances. The first circumstance, on which Mr. Klure relies, provides that "the court, *upon motion of the Director of the Bureau of Prisons*, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). This exception is inapplicable to Mr. Klure because he, rather than the Director of the Bureau of Prisons, has brought this motion. *See Munoz v. United States*, 2007 WL 2726584 (S.D. Cal. Sept. 17, 2007) (denying motion to reduce term of imprisonment brought by a prisoner to enable her to care for her children); *Dillon v. Smith*, 2007 WL 781455 (E.D. Cal. March 13, 2007) ("Therefore, [18 U.S.C. § 3582(c)(1)(A)(i)] is inapplicable in this case, because the party bringing a motion under this section must be the Director of the Bureau of Prisons, not Petitioner."). The other exception on which Mr. Klure relies, 18 U.S.C. § 4205(g), has been repealed, but in any case also permits the Court to act only "upon motion of the Bureau of Prisons."

Other exceptions to 18 U.S.C. § 3582(c) are of no assistance to Mr. Klure. Under 18 U.S.C. § 3582(c)(1)(B), "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." This exception does not require a motion to be brought by the Director of the Bureau of Prisons. However, the Court is aware of no other statute that would expressly permit it to modify Mr. Klure's term of imprisonment, and Mr. Klure has not provided any. In addition, Federal Rule of Criminal Procedure 35 permits the Court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within seven days of sentencing. Fed. R. Crim. P. 35(a). This exception does not apply at this

2

late date. *See United States v. Penna*, 319 F.3d 509, 511-12 (9th Cir. 2003). Nor does Rule 35(b), which provides that *the government* may move for a reduction of sentence when a defendant has provided substantial assistance to the government. Fed. R. Crim. P. 35(b). Finally, the exception provided in 18 U.S.C. § 3582(c)(2) does not apply, as that section permits a reduction "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered" by the Sentencing Commission. The Court is not aware that the Sentencing Commission has lowered any sentencing range relevant to Mr. Klure, and Mr. Klure has not argued otherwise.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES the motion to reduce Mr. Klure's term of imprisonment [Docket No. 88]. The Court denies this motion WITHOUT PREJUDICE to reconsideration should the Director of the Bureau of Prisons bring an appropriate motion.

**IT IS SO ORDERED.**

Dated: January 9, 2008

SUSAN ILLSTON
United States District Judge